**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARK, | No. 14-35398 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01267-HZ |
| v. | |
| LISA NORTHROP, Forest Supervisor of the Mt. Hood National Forest and UNITED STATES FOREST SERVICE, a federal agency, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| INTERFOR, U.S., INC., | |
| Intervenor-Defendant - Appellee. | |

| | |
|---|---|
| BARK, | No. 14-35548 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01267-HZ |
| v. | |
| LISA NORTHROP, Forest Supervisor of the Mt. Hood National Forest and UNITED STATES FOREST SERVICE, a | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

federal agency,

        Defendants - Appellees,

INTERFOR, U.S., INC.,

        Intervenor-Defendant -
Appellee.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 2, 2015
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges and TIGAR,[**] District Judge.

Appellant Bark appeals the district court's order granting summary judgment to the United States Forest Service on Bark's claims that the Forest Service violated the National Environmental Policy Act (NEPA) and the National Forest Management Act (NFMA) because it acted arbitrarily and capriciously when it approved the Jazz Thinning project in the Mt. Hood National Forest. *See* 5 U.S.C. § 706(2)(A), (D). We have jurisdiction under 28 U.S.C. § 1291.

---

[**] The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

The Forest Service did not act arbitrarily and capriciously in considering only the proposed forest thinning plan and a no-action alternative in the Environmental Assessment (EA), because those were the only proposed alternatives that "could feasibly meet the project's goal." *Cf. W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1052–53 (9th Cir. 2013). Because Bark's proposed alternatives (as stated in its comments to the EA) were not economically viable and did not promote the project's stated goals, the Forest Service was not required to consider them. *See Earth Island Inst. v. U.S. Forest Serv.*, 697 F.3d 1010, 1022–23 (9th Cir. 2012); *see also Native Ecosystems Council v. U.S. Forest Serv.*, 428 F.3d 1233, 1247–49 (9th Cir. 2005).

The Forest Service adequately discussed and considered in the EA the potential environmental impacts of the project's proposed reconstruction and subsequent use of temporary roads, and its determination that any impact due to the proposed road building and use would be minimal was not arbitrary and capricious. *See Hapner v. Tidwell*, 621 F.3d 1239, 1244 (9th Cir. 2010) (citing 40 C.F.R. § 1508.9(b)). In making its determination, the Forest Service reasonably relied on the findings of its soil specialist, and we defer to the agency's expertise. *See The Lands Council v. McNair*, 537 F.3d 981, 993 (9th Cir. 2008). The Forest Service adequately discussed in the EA its findings that the project's active

3

decommissioning of the rebuilt roads at the end of the project would have a beneficial effect in limiting surface runoff and erosion, that the worst-case increase in sediment due to the project would be "short-term and undetectable at the watershed scale," and that the mitigation measures restricting road usage would ensure that any input of sediment from logging trucks would be minimal

The Forest Service adequately discussed and considered in the EA the potential environmental impacts of the loss of large woody debris and the spread of invasive species as a result of the project, and its determination that these impacts would be minimal was not arbitrary and capricious. *See Hapner*, 621 F.3d at 1244. The Forest Service's reasonable determination that the project would preserve 90 percent of the relevant large woody debris through the establishment of 50 to 100-foot buffer areas around streams, and that sufficient debris would be retained at the end of the project, was based upon agency technical expertise, to which this court defers. *See McNair*, 537 F.3d at 993. The Forest Service also adequately discussed the potential for the spread of invasive species in the EA and provided specific project design criteria directed at mitigating these risks. *See Hapner*, 621 F.3d at 1244.

The Forest Service's decision to issue a Finding of No Significant Impact (FONSI) in lieu of an Environmental Impact Statement (EIS) was not arbitrary and

4

capricious because there is not "a substantial dispute about the size, nature or effect" of the project. *See Native Ecosystems Council*, 428 F.3d at 1240 (alterations and internal quotation marks omitted). Like in *Native Ecosystems*, the Forest Service here took a "'hard look' at the environmental consequences" of its proposed action and reasonably relied on its own expert reports and technical expertise in concluding that the impact of the project would be insignificant. *See id.* at 1240–44.

The Forest Service adequately assessed and explained why the project was consistent with the Aquatic Conservation Strategy (ACS) in both the short and long term in the EA, and we afford "substantial deference" to the Forest Service's interpretation and implementation of its own Forest Plan. *See Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 850 (9th Cir. 2013); *see also Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1031–32, 1034 (9th Cir. 2001). The Forest Service examined the project's compliance with all nine ACS objectives in the EA, and, among other things, reasonably determined that the project would meet the ACS's overall purpose of restoring and maintaining "the ecological health of watersheds and aquatic ecosystems" by eliminating overcrowding. The Forest Service reasonably determined that the project met ACS objective eight, "maintaining and restoring

species composition and structural diversity," because the thinning will allow light to penetrate through the crowded canopy, thereby promoting the "natural recruitment of diverse plant communities" in the short term and structural diversity through the long-term contribution of large woody debris to the area. The Forest Service also reasonably determined that the road decommissioning after the project's completion would create a more natural sediment regime, thereby satisfying ACS objective five, "maintaining and restoring sediment regimes." Accordingly, the Forest Service's determination that the project was consistent with ACS objectives was not arbitrary and capricious.

The district court did not abuse its discretion by awarding costs to the Forest Service because its determination that Bark would not be burdened by an award of $2,148.57 when it has an operating budget of $574,421 was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc).

**AFFIRMED.**